UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION–FLINT

IN RE:

BRIAN MICHAEL MARSLAND,　　　　　　　　　Case No. 16-30563
　　　　　　　　　　　　　　　　　　　　　　　Chapter 7 Proceeding
　　　　　　Debtor.　　　　　　　　　　　　　　Hon. Daniel S. Opperman
_____/

OPINION REGARDING DEBTOR'S MOTION TO AVOID LIEN WITH
RPM AUTO SALES, INC., RE: 2015 STATE INCOME TAX REFUND

Facts

On July 14, 2004, RPM Auto Sales, Inc. ("RPM") obtained a Default Judgment against Debtor Brian Marsland in the 68th District Court in Flint, Michigan in the amount of $6,536.67, which has a current balance of $9,390.25. On September 15, 2015, RPM had a writ of garnishment issued on the State of Michigan for garnishment of Debtor's state income tax refund. There were no objections to the writ of garnishment, and RPM served the writ of garnishment upon the State of Michigan on November 2, 2015.

On March 9, 2016, Debtor filed this Chapter 7 bankruptcy case. On Schedule B of his bankruptcy schedules, Debtor listed a state income tax refund in the amount of $1,416.00, representing Debtor's interest in this tax refund, which he held jointly with his non-filing spouse.[1] On his Schedule C, Debtor fully exempted his interest in the tax refund pursuant to 11

---

[1] At the hearing on April 13, 2016, the Debtor and RPM agreed that the amount at issue is Debtor's one-half interest in the tax refund, $708.00, and if not already done, the one-half interest of Mrs. Marsland in the tax refund of $708.00, will be turned over as soon as possible.

1

U.S.C. § 522(d)(5).

The Debtor and RPM do not dispute these facts and further do not dispute that the writ of garnishment constitutes a judicial lien for purposes of Section 522(f), and that service of the writ of garnishment perfected RPM's interest in the tax refund.[2] What the parties do dispute is the effect of such perfection as impacts Debtor's interest in the tax refund as property of the bankruptcy estate and his ability to exempt such. Debtor argues that the 11 U.S.C. § 522(f), allowing a debtor to avoid the fixing of a judicial lien impairing an exemption, permits him to avoid the transfer of the tax refund to RPM. RPM argues that Section 522(f) is not applicable, because once its interest was perfected in the tax refund, it was no longer bankruptcy estate property and, thus, Debtor no longer had the ability to exempt such.

The Court held a hearing on April 13, 2016, on this Motion, at which time the Court took the matter under advisement.

## Jurisdiction

Bankruptcy courts have jurisdiction over all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11. 28 U.S.C. §§ 1334 and 157. Core proceedings include proceedings to determine the validity, extent, or priority of liens under Section 157(b)(2)(K). As this is a proceeding to concerning the RPM's interest in the tax refund,

---

[2] On this issue, Debtor and RPM agree that the case law supports this proposition. *See Battery One-Stop Ltd. v. Atari Corp. (In re Battery One-Stop, Ltd.)*, 36 F.3d 493, 498-99 (6th Cir. 1994) (analyzing Ohio law, similar to Michigan law, and concluding that the transfer of garnished funds is perfected upon service of the writ of garnishment); *Bleau v. First of America Bank (In re Arnold)*, 132 B.R. 13, 15 (Bankr. E.D. Mich. 1991); *Earl Dubey & Sons, Inc. v. Macomb Contracting Corp.*, 97 Mich. App. 553, 558 296 N.W.2d 582, 585 (1980) (analyzing Michigan law, and concluding that creditor's rights to funds attached on the date of service of the writ of garnishment)(citing *Mary v. Lewis*, 399 Mich. 401, 249 N.W.2d 102 (1976)).

2

this is a core proceeding under 28 U.S.C. § 157(b) and the Court has jurisdiction over this matter.

## Applicable Law

### Section 522(f)(1)

Section 522(f)(1) states, in relevant part:

(f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–

(A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5);

There are, therefore, four requirements for a debtor to avoid a lien under Section 522(f)(1): "(1) The lien the debtor seeks to avoid is a judicial lien; (2) The debtor claims an exemption in the property to which the debtor is entitled under Section 522(b); (3) the creditor's lien impairs the debtor's exemption; and (4) the debtor has an interest in the property." *Harville v. Morris (In re Harville)*, 63 B.R. 371, 372 (Bankr. W.D. Ky. 1986) (citing *In re Johnson*, 53 B.R. 919, 922 (Bankr. N.D. Ill. 1985)).

### Section 541–Property of the Estate

Under § 541(a)(1), property of the estate includes "all or legal or equitable interests of the debtor in property as of the commencement of the case." "[T]he term 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent . . . ." *Segal v. Rochelle*, 382 U.S. 375, 379 (1966)). "In fact, every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541." *In re Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993). Even a bare possessory

3

interest such, as a tenancy at sufferance, is "an interest in real property within the scope of the estate in bankruptcy under section 541." *Convenient Food Mart No. 144, Inc. v. Convenient Industries of America, Inc. (In re Convenient Food Mart No. 144, Inc.)*, 968 F.2d 592, 594 (6th Cir. 1992) (citations omitted).

> Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interests by both state and federal courts within a State serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving a windfall merely by reason of the happenstance of bankruptcy.

*Butner v. United States*, 440 U.S. 48, 55 (1979); *see also Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 700 (6th Cir. 1999) ("[I]t is well settled that a debtor's property rights are created and defined by state law.") (citations omitted).

If no objections are filed to the writ of garnishment of a Michigan tax refund within the 14 days allowed under the statute, the state treasurer is required to turn over the garnished funds "not less than 28 days after filing the disclosure required under the statute. M.C.L.A. § 600.4061a(1)(b). *See also Earl Dubey & Sons, Inc. v. Macomb Contracting Corp.*, 97 Mich. App. 553, 558 296 N.W.2d 582, 585 (1980) (analyzing Michigan law, and concluding that creditor's rights to funds attached on the date of service of the writ of garnishment)(citing *Mary v. Lewis*, 399 Mich. 401, 249 N.W.2d 102 (1976)).

<u>Analysis</u>

Under Michigan law, the tax refund was not property of the estate on the date of the bankruptcy filing. A valid garnishment, properly executed and served under MCR 3.101(G) and (I) is effective and requires that the garnishee withhold the funds. Thus, the Debtor lost

possession and control of the garnished tax refund at the time of service of the writ. For purposes of Section 541, Debtor had no legal or equitable interest in the tax refund on the date of the bankruptcy filing. *Johnson v. Cach, LLC (In re Johnson)*, 2001 WL 7637217, at *3 (E.D. Mich. June 14, 2011) (holding that debtor had no interest in a tax refund as of the petition date when debtor lost all legal or equitable right to such after writ of garnishment was duly served, therefore precluding application of Section 522(f)). Perhaps if Debtor had filed an objection to the garnishment, an equitable interest may have been preserved, but he did not do so. Perfection of RPM's interest in the tax refund did not merely grant it a security interest in it, this event under the above cited Michigan statutes divested Debtor of any interest in it.[3]

The Court concludes that Section 522(f)(1)'s requirement that the Debtor have an interest in the property at issue has not been met. Accordingly, Debtor's Motion to Avoid Lien is denied. Counsel for RPM is directed to prepare and present an appropriate order. Additionally, because the Court has made the determination that the tax refund is not property of Debtor's bankruptcy estate, the parties are directed to stipulate to an appropriate order regarding RPM's Objection to Debtor's Claim of Exemptions filed on April 7, 2016 (Docket No. 16).

**Not for Publication**

**Signed on May 12, 2016**

                                                **/s/ Daniel S. Opperman**
                                                **Daniel S. Opperman**
                                                **United States Bankruptcy Judge**

---

[3] This, however, would not mean that a transfer did not occur for purposes of a possible preference action against RPM, pursuant to Section 522(h) and 547(b). However, there is no dispute that the transfer at issue occurred on November 2, 2015, which is well outside of the 90-day preference period under Section 547(b), which precludes any possible relief Debtor may have under Section 522(h).